TATE, Judge.
This is a workmen’s compensation suit. Both parties concede that Dayton Graham, the plaintiff, was injured while working for the defendant on September 6, 1956. The trial court awarded compensation at the rate of $26 weekly through June 22, 1957, holding the plaintiff to have been disabled by the industrial accident through that date.
Although the defendant (who had paid compensation through April 22, 1957,) did not perfect an appeal from this judgment, the plaintiff did appeal, asking that the award be increased. The original plaintiff died after his appeal, survived only by a son, Joseph Graham, who by appropriate motion in this court was substituted as party plaintiff.
By this appeal the plaintiff-appellant questions (1) the duration of disability fixed by the trial court and (2) the rate of weekly compensation awarded.
I.
The evidence shows that Dayton Graham, the original plaintiff, broke his left leg about ten inches below the knee while at work on September 6, 1956 and that any disability from this fracture had terminated by June 22, 1957. However, Graham was undoubtedly disabled at the time of the trial in November, 1957 by a fractured left knee, and it is the contention of his able counsel that this subsequent disabling fracture also resulted from the initial accident at work the previous September, although not discovered until June 4, 1957.
We think that the trial court correctly held, however, that this second frac *580 ture was completely unrelated to the accident at work, hut instead resulted from a proven fall by Graham from his porch at home on Sunday, June 2, 1957. The claimant’s initial attending' physician, who had x-rayed the knee area following the September work-accident and who also examined and x-rayed the same area on June 4, 1957 following the second (or home) accident, was positive that the knee fracture had not been present following the first fall; and another general practitioner, who also x-rayed the knee fracture two days after the second accident, was certain that it was a new fracture.
In urging that these physicians and the trial court erred, the appellant chiefly relies upon the opinion of Dr. Gene Caldwell, the late eminent orthopedist, that the knee fracture shown by his x-ray of June 10, 1957, eight days after the accident, “appeared old on the x-ray”. Tr. 179. However, upon being shown an x-ray of the knee area taken by the attending physician in November of 1956, following the first fall but before the second fall, this specialist flatly stated that the knee fracture was not present on that x-ray. Tr. 180-181. The trial court therefore correctly concluded, in our opinion, that the disabling knee fracture occurred subsequent to the accident at work and as a result of the fall at home on June 2, 1957, so that under the present record Graham’s work-caused disability had ended by June 22, 1957, through which date only the trial court awarded compensation (subject to credit for prior compensation paid by the defendant employer).
II.'
Compensation was awarded the injured employee at the rate of $26 per week, being 65% of weekly wages of $40, computed on the basis of a five-day week at a daily wage of $8. We must sustain the plaintiff’s contention that the weekly compensation rate should be based instead on a six-day week, even though the plaintiff customarily may have worked not more than five days per week, for the Supreme Court has recently reiterated and clarified earlier jurisprudence and held that workmen’s compensation benefits must mandatorily be computed on the basis of a six-day work week, even though the injured employee customarily works a lesser number of days. Carrington v. Consolidated Underwriters, 230 La. 939, 89 So.2d 399; Pope v. Coney, La.App. 1 Cir., 119 So.2d 136; Darby v. Johnson, La.App. 1 Cir., 118 So.2d 707; see also: Malone, Louisiana Workmen’s Compensation Law, Section 323. The trial court judgment will be amended accordingly.
The Decree.
For the foregoing reasons, the judgment of the trial court is amended so as to award compensation at the rate of $31.20 per week, instead of at $26 per week, but as thus amended it is affirmed in all other respects (including the limitation of the award of compensation to and including June 22, 1957). The defendant appellee is cast with the costs of this appeal.
Amended and affirmed.